The opinion of the Court was delivered by
WhítNer, J.
The defendant had appeared before the Clerk and put in special bail, and unless he was then already concluded, his right to dissolve the attachment and plead to the merits would follow as a necessary consequence.
Such a construction of our Acts of Assembly and Eúles of practice as will secure consistency and avoid multiplicity of suits is very desirable. We should not do to-day what we may have to úndo to-morrow, unless driven by a stern necessity. That adjudication commends itself which will settle finally upon a single hearing,, the rights of the parties.
In the inquiry I propose, I would first call attention to that feature in our scheme of proceedings in attachment, which secures to the absent debtor, if he shall appear within two years and disprove the debt, duty or demand, which shall have been recovered against him, the right in turn to recover *57 full damages and costs for Ms unjust vexation, against tbe plaintiff in attachment. Act of Assembly, 1744, 3 Stat. 620, sec. 9.
In ordinary cases, tbe order for judgment made by tbe Clerk on tbe expiration of tbe rule, interposes no obstacle to tbe party in filing bis plea. As matter of right, tbe order is vacated, if application is made on or before tbe second day of tbe term next after, and tbe party is permitted to plead issuably according to tbe Hule of Court.
Tbe defendant in attachment is called by a rule of a year and a day instead of tbe thirty day rule. By its terms be is to appear and plead. Under our early legislation and tbe decisions thereon, tbe debtor could not plead without appearing, and could only appear by putting in special bail. If tbe defendant appears within tbe rule, bis right to set aside tbe order, even although be bad not filed bis plea would be unquestionable. When special bail is entered tbe attachment is dissolved, and tbe proceeding thenceforth becomes one in personam and subject to tbe ordinary rules.
If this defendant is concluded, then, it is because of bis failure to appear within tbe rule. Upon first blush, tbe precise phraseology of tbe Act construed literally, would seem conclusive, but tbe Acts are to be taken as constituting a system, and should be-construed in reference to tbe subject of which they treat. In Gray vs. Young, (Harp. 40,) it is said, “ tbe writ of attachment, although a sort of proceeding in rem, like any other original writ, is intended to bring tbe defendant into Court, and if be does appear and plead to the merits, like every other, it is functus officio.” Its peculiar character is lost, and thence tbe proceeding is merely personal and must be governed by tbe same rules I have already said that a common appearance gave no right to plead, speaking of course of a time anterior to Act of Assembly of 1843, tbe provisions of wMcb Act, however, do not enter into consideration in this case. Hence, in Acock vs. Linn & Lansdown, Harp. 368, *58 though a common, appearance was entered at the return of the writ, the plaintiff proceeded as if no appearance had been entered. .On the expiration of the rule, and after an order for judgment, the Court refused to let the party in upon any other terms than his entering special bail to the action, and dissolving the attachment. In the opinion delivered, the language of Judge Chase, in Campbell vs. Morris, 3 Har. & McH., was adopted, that an attachment is to compel the appearance of the defendant, and when he comes in he is in the same relation that he would have been if taken on a capias ad respondendum, and cannot appear without bail.
Because the debtor places himself beyond the reach of his creditor as to his person, the property is substituted, but clearly the proceeding in its nature is not against the goods and the person at one and the same time. To the latter the creditor was entitled, as of right, at the institution of the suit, and to coerce the appearance the Statute gave the remedy. Thus, it is seen, the end and object of the law is attained when the action is converted from a proceeding in rem to a proceeding in personam. The Statute, however, though it provides the means whereby to secure an end, indicates a day, earlier than which the final judgment shall not be given. When the day, therefore, has elapsed to which the debtor was called, and he has not appeared, or, having appeared, he has failed to file his plea, the case goes upon the Inquiry Docket, when the Court may proceed to render final judgment. If the terms of the Statute should be held imperative, excluding the debtor at that stage' and under all circumstances, it would be in contravention of well-settled practice in analogous cases, and not required by the object of the law. Defendants are admitted to plead under the rule of Court and often to appear under our practice on leave, elren although the day has elapsed. The Act of Assembly of 1791, (7 Stat. 263,) gives to plaintiff in .ordinary cases on the return of the writ the right to file his declaration and' take-judgment by default, unless an *59 appearance Las been regularly entered with, tbe Clerk, during tbe sitting of tbe Court, and unless a plea is filed within one month after declaration. If such be tbe construction of this Act, equally favorable should be tbe practice in cases of attachment, and where tbe design of tbe law is so manifest.
Tbe view taken by tbe Court derives great force from tbe Act of Assembly of 1785, (7 Stat. 214,) to which I have already adverted. In tbe proviso to Sec. 4, it is declared that all attachments shall be repleviable by appearance and putting in special bail if by the Court ruled to do so, thus intending to establish a uniform practice in all cases, or to conform tbe practice in tbe kind of proceeding therein authorized, to what was then considered tbe settled practice under tbe former Act. The case of Fife & Co. vs. Clark, 3 McC. 347, furnishes a just exposition of this Act. This Court is of opinion that tbe purpose of tbe Act on this subject is best attained by bearing tbe application and vacating tbe order for interlocutory judgment, with leave to plead on proper terms. Tbe motion now submitted is granted, and tbe case is ordered to be restored to tbe Inquiry Docket.
O’Neall, Wardlaw, and Withers, JJ., concurred.

Motion granted.